# Smith *versus* Frazier.

1. The plea "covenants performed *absque hoc*, &c.," is a negative plea in part at least; the words "*absque hoc*" introducing a negation after an affirmative inducement.

2. It contains an averment that the defendant has performed his covenants, and a denial that the plaintiff had performed his; throwing the burden of showing performance on the plaintiff, who is therefore entitled to the conclusion to the jury.

3. The Supreme Court will not reverse a judgment because the court below erred in prescribing the order in which counsel should address the jury.

Error to the Court of Common Pleas of *Jefferson county*.

This was an action of covenant by Nathan C. Smith to the use of Newton Taylor against John and George Frazier, in which the writ issued June 3d 1863. The defendants pleaded "covenants performed absque hoc, and payment with leave, &c." After the evidence was all in, the plaintiff claimed the right of concluding to the jury, which was refused by the court (Campbell, P. J.). The verdict was for the defendants. The refusal to permit the counsel of the plaintiff to conclude to the jury, was assigned for error.

*W. P. Jenks*, for plaintiff in error, cited Wilkinson *v.* Pittsburgh F. & M. Turnpike Co., 6 Barr 398; Martin *v.* Hammon, 8 Id. 270.

*A. L. Gordon*, for defendant in error, cited Neave *v.* Jenkins, 2 Yeates 108; Farms. & M. Turnpike Co. *v.* McCullough, 1 Casey 304; School Directors *v.* McBride, 10 Harris 215; Marsh *v.* Pier, 4 Rawle 284; Hartman *v.* Ins. Co., 9 Harris 475.

The opinion of the court was delivered, November 14th 1866, by

Strong, J.—The plea of "covenants performed absque hoc, &c.," is a negative plea, in part at least. It is what is usually denominated a special technical traverse, the words "absque hoc," or "without this," introducing a negation after an affirmative inducement. In the present case, therefore, the defendants'

plea contained an averment that they had performed the covenants into which the plaintiff declared they had entered, and it contained also a denial that the plaintiff had kept the covenants to be performed by him.  It did not deny the existence of the contract set out in the declaration ; but it traversed performance on the part of the plaintiff.  Of course the burden of showing such performance was upon him, and he should have been allowed the conclusion to the jury.

But it is said the order of addressing the jury is a thing within the discretion of the court, and not reviewable in a court of error.  Yet if it is a legal right of the party who has the affirmative of the issue to conclude the argument to the jury, he cannot be deprived of it at the discretion of the judge who presides at the trial.  And if the question were an open one, we should probably be of opinion that the right to conclude in such a case is a legal right, of which a party cannot be deprived at the discretion of the court.  It is true the right originated in the practice of courts of law.  So did many rights of parties over which a court has now no discretionary power.  The right to submit some kinds of evidence and exclude others ; the right to a certain mode and order of challenging jurors ; the right to prevent depositions being taken out by a jury when they retire to consider their verdict ; and a multitude of other legal rights, are based upon the established practice of judicial tribunals.  It is true, a court may by rule change some of its ordinary rules of practice.  How far this power extends it is not necessary now to define, for in the present case it is not alleged that the court had adopted any rule that gave the conclusion to the defendant in such an issue as was here formed.  We might therefore feel constrained to reverse this judgment and send the case back for a new trial, were it not for what has heretofore been decided.  But in view of what this court has said and ruled, it is too late to treat an error in giving the conclusion to the wrong party as sufficient cause for directing a new venire.  In Marsh *v.* Pier, 4 Rawle 284, an action of replevin, to which the defendant pleaded " property," it was assigned for error that the court had refused to permit the defendant to conclude to the jury.  The assignment was not sustained, for the reason that under the plea the burden of proving property in himself rested upon the plaintiff ; but Judge Kennedy went outside of the case and remarked that, had it been otherwise, he was not prepared to say it would have been good cause for reversing the judgment upon writ of error.  The remark was so entirely obiter, and so much at best only the suggestion of a doubt, that it can have no weight as authority.  Again, in Hartman *v.* The Insurance Company, 9 Harris 475, Chief Justice Black said, " but neither is it a fatal error that the court permitted the plain-

[Smith *v.* Frazier.]

tiff to speak in the wrong order. It is true, the English cases
say otherwise. There much depends on having the last word,
and more still on the right to begin. But an English trial has
so little resemblance to an American one, that their decisions on a
point like this are entitled to no weight whatever."

This, it must be admitted, was also not necessary to the
decision of the case then before the court. The question pre-
sented was whether there had been error in permitting the defend-
ants to amend their pleas as they were amended on the trial.
But in Robeson *v.* Whitesides, 16 S. & R. 320, the question now
before us was raised and directly decided. There a scire facias
had ¸been issued against administrators on a judgment against
their intestate, and an agreement had been made that the merits
of the original judgment should be tried without regard to the
form of pleading. The court decided that the plaintiff's counsel
should conclude, to which the defendants excepted, and assigned
it for error. The opinion of this court on the point, as delivered
by Judge Rogers, was as follows: "Whether the plaintiff or the
defendant had the conclusion to the jury, we shall not undertake
to decide, as we are clearly of opinion it is not assignable for
error. Every court is the best judge of its own practice; and
it does not become this court on slight grounds to interfere.
Counsel consider the last word to the jury as of some conse-
quence. Sometimes it enables them to remove, and sometimes to
create, false impressions on the minds of the jury; but every
inconvenience of this kind, it is presumed, is attended to, and
prevented by, the charge of an upright and able court. It is, at
any rate, but *damnum absque injuria.*"

This is authoritative, and it settles that this court will not reverse
a judgment because the court below made a mistake in prescrib-
ing the order in which counsel should address the jury. The 1st
assignment of error is therefore not sustained. The 2d was not
pressed, and properly, for it has nothing to support it.

                                        Judgment affirmed.