# Alice M. Light *v.* Harrisburg and Mechanicsburg Electric Railway Company, Appellant.

*Actions—Trespass—Ejectment of passenger—Damages.*

If a passenger is wrongfully ejected from a car the right of recovery is unquestioned in view of the trespass upon his rights even if no actual personal injury is suffered. Where the question of a wrongful ejection is one of fact, it is clear that the question must be left to the jury and the question of reasonable compensation is also for them.

*Appeals—Verdict against the evidence—New trial.*

That a verdict was against the overwhelming weight of the evidence is a good reason for a new trial, but when passed upon by the court below in considering the motion for a new trial the appellate court will not interfere with the exercise of a sound discretion judiciously exerted.

*Appeals—Review—Charge of the court.*

Where the charge of the trial judge was apparently so satisfactory to both sides that written points were withdrawn, assignments of error alleging sins of omission in the charge will have but slight persuasive weight with the appellate court.

Argued March 10, 1897. Appeal, No. 46, March T., 1897, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1896, No. 229, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Trespass for wrongful ejectment from railway car. Before McPHERSON, J.

The plaintiff, presenting a transfer ticket, was ejected from one of defendant's cars upon refusal to pay additional fare. Two lines of defendant's cars connected with a line running

428 LIGHT *v.* RAILWAY CO., Appellant.

Statement of Facts—Assignment of Errors. [4 Pa. Superior Ct.

out of Harrisburg, one line going to New Cumberland, the other going to White Hill. The question turned on whether the car on which plaintiff was riding on proper schedule should have been the New Cumberland car and whether notice was given that it was going to White Hill and not to New Cumberland. The plaintiff on refusing to pay was ordered off the car and had to walk over to a junction where she subsequently got the New Cumberland car and was carried to her destination on her transfer ticket. She alleged that she had suffered injury in groping her way back in the dark through the fields from the point where she had been put off.

Verdict for plaintiff for $140.83. On the trial of the case after the charge of the court was delivered, both sides withdrew their printed points which had been submitted to the court. Motion for a new trial was discharged in the following opinion by McPherson, J. " I agree with the defendant's position, that this verdict was against the weight of the evidence; and if the amount in controversy was considerable, I would set aside the finding without hesitation. But as a practical question, the defendant cannot gain by another trial. Even if the verdict should be in its favor, the cost and trouble would outweigh the burden which the first jury had imposed. Of course, if a legal principle of any importance was involved, the situation would be different; but with nothing in dispute except a pure question of fact which must inevitably go to the jury, no matter how many trials are had, I feel justified in deciding this motion so as to cause the least inconvenience and expense to all persons concerned.

"It is therefore ordered that if the plaintiff by writing filed on or before January 15 remits so much of the verdict as exceeds one hundred dollars, the prothonotary shall enter judgment on the verdict upon payment of the jury fee. If a remittitur is not filed he will enter an order that a new trial is granted."

Judgment entered for $100. Defendant appealed.

*Errors assigned* were (1–6) to the charge of the court alleging errors in what the court said and what it did not say; (7) that the verdict was against the overwhelming weight of the evidence; (8) in not instructing the jury to find in favor of defendant.

*Edgar L. King* and *William K. Meyers*, for appellant.—A mere scintilla of evidence does not justify a judge in leaving the question of negligence to the jury: Reinhardt v. South Easton, 4 Atl. Rep. 532.

The mere negative testimony of the plaintiff is not enough to make out a charge of negligence against the defendant: Hauser v. Railroad Co., 147 Pa. 440.

*James I. Chamberlin*, for appellee.—The very size of the verdict clearly evidences that the damages were assessed by the jury on the basis of a wrongful eviction and were not compensatory for physical injuries, and follows closely in amount the case of Laird v. Traction Co., 166 Pa. 4.

The acquiescence of counsel to the charge of the court brings this case within the authority of Fox v. Fox, 96 Pa. 60.

The trial judge in his opinion, dismissing a new trial, shows that he carefully exercised a judge's prerogative and in this he also points out as a potent reason for the exercise of his discretion, that "there is nothing in dispute except a pure question of fact which must inevitably go to the jury, no matter how many trials are had." The relation and responsibility which a judge bears to cases tried before him is clearly put by Mr. Justice WILLIAMS, in Smith v. Times, 178 Pa. 481, 507.

OPINION BY BEAVER, J., April 12, 1897 :

At the close of the charge of the trial judge in the court below both plaintiff and defendant were so well satisfied with the sufficiency and fullness of the instructions therein contained that the written points previously submitted to the court were withdrawn. The appellant should, therefore, not be allowed to charge the court with sins of omission as is done in the fourth, fifth, sixth and eighth assignments of error. It is to be presumed that in the points submitted the court was requested to charge upon the questions which, if the points had been allowed to remain in the hands of the court, would in the answers have fully met the objections now made by the appellant or would at least have given him specific grounds upon which to base his assignments of error.

The seventh assignment that "the verdict was against the overwhelming weight of evidence" is a good reason, when sus-

tained, for a new trial. It was passed upon by the court in considering the motion for a new trial and with the exercise of a sound discretion, judiciously exerted as in this case, we will not interfere.

We quite agree with the court below that no legal principle of any importance was involved in this case and that the facts must inevitably be submitted to the jury. The case, therefore, stands as favorably for the defendant as it is likely to stand at the end of any number of trials.

The question of the right of plaintiff to occupy a place in the defendant's car from the junction to White Hill which, in view of the fact that she left Harrisburg at 11:45 p. m., which is the schedule leaving time of the last car for New Cumberland whither she was bound, is one of fact, was disputed, and, therefore, to be submitted to the jury. It is clear that the character of the place as to safety at which the plaintiff was compelled to leave the defendant's car is a question which must also be left to the jury. The testimony of the plaintiff was that on a dark night she was compelled to leave the car and, after leaving it, found herself wading through mud and weeds; that she got into a washout or gulley and there fell and wrenched her limb which pained her for a week or more, and this is practically not denied, except that the employees of the company say there were sidewalks in the neighborhood which she might have taken. Whether she knew of their existence, however, does not appear.

We see no error in the part of the charge contained in the first and second assignments. It was for the jury to say, under all the circumstances of the case, whether or not the car which the defendant took after crossing the railroad was the one which according to the schedule of the appellant was bound for her destination or whether it was the regular White Hill car. If the former, she had a right therein. If the latter, she was rightfully ejected, in view of her refusal to pay her fare. If she were wrongfully ejected, the right of recovery was unquestioned, in view of the trespass upon her rights, even if no actual personal injury were suffered: Laird v. Traction Co., 166 Pa. 4. The question of the existence and character of such injury was also submitted to the jury for its finding and we see no error in the manner in which it was submitted, as complained of in the appellant's third assignment.

A careful consideration of the entire case leads us to the conclusion that the rights of the appellant, both in the charge to the jury and in the decree of the court upon the motion for a new trial, were carefully guarded and that there is no real cause of complaint on its part. The assignments of error are all overruled and the judgment affirmed.