## Milton Mendenhall, Libellant, *v.* Elizabeth M. Mendenhall, Respondent, Appellant.

*Appeals—Mistake in order of address by counsel not reversible error.*

The appellate court will not reverse a judgment, because the court below, in the exercise of its discretion made a mistake in prescribing the order in which counsel should address the jury.

*Interpretation of rules of court—Discretion of court—Review—Order of addressing jury.*

Rules of court are best interpreted by the court making them, and although when they affect the rights of parties strict observance may be enforced by the appellate court, yet if a rule relates wholly to the proceedings in the course of trial its construction and application must be largely left to the discretion of the judge.

Where therefore in a divorce suit the libellant alleged desertion and respondent justified on ground of libellant's conduct, it would appear that the respondent, in some degree, assumed the affirmative of the issue and the appellate court on appeal will not say that the exercise of discretion by the trial judge was reversible error.

*Divorce—Desertion—Cruel treatment when justification.*

Marital separation is not to be tolerated for light causes; single acts of cruelty will not justify desertion; there must be such continued course of conduct or treatment as renders the wife's condition intolerable and her life burdensome. The degree of cruelty to justify a desertion is the same as that required in suit for divorce on the ground of cruel treatment.

*Divorce—Evidence—Subsequent adultery not justification for desertion.*

Adultery itself by a libellant after desertion by respondent does not deprive the libellant of his right to a decree for desertion, and an offer is properly rejected which is only to prove facts, from which an inference of

wrongdoing is to be made, and this inference is to be made the basis for a second inference that the libellant's application for divorce was not made in good faith because of desertion. A presumption cannot be drawn from a presumption.

Argued Nov. 23, 1899. Appeal, No. 159, Oct. T., 1899, by respondent, from decree of C. P. Chester Co., Oct. T., 1898, No. 17, on verdict for libellant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

This was a suit for divorce from the bonds of matrimony for desertion and was tried before HEMPHILL, P. J., and a jury.

In her answer the respondent alleged that she left the residence of the libellant, but that she did not desert him; that her leaving was wholly and entirely the fault of the libellant; that he treated her in a cruel and barbarous manner, endangered her life and offered such indignities to her person as rendered her condition intolerable and life burdensome, and that after injuring and insulting her, he ordered her to leave and take her daughter with her, which she did at the time.

At the trial the court excluded testimony offered on the part of respondent for the purpose of showing libellant's relations with an unmarried woman and her child living in his house.

[That libellant was in the habit of nursing the child, taking it to bed, taking the care of it that a father generally takes of a child, and taking it to its mother's room. Objected to. . . .

The Court: We do not think the evidence is admissible under the pleadings, and the objection is sustained.] [5]

Defendant submitted among others the following point:

[2. If the jury find from the evidence that Elizabeth M. Mendenhall was justified in separating from her husband by reason of the treatment she received, the verdict must be for the defendant. *Answer:* If you are satisfied that the treatment received by her was of the character which the act of assembly requires, and to which I have already called your attention, then you will so find for the defendant.] [4]

The bill of exception showed the following facts as to the first assignment of error:

[After testimony being given for plaintiff and defendant, both sides closed. Counsel for defendant, who was from Dela-

ware county, then requested that the counsel for plaintiff open to the jury, stating the grounds upon which the plaintiff intended to rely, and stating that such was the rule in Delaware county. The court said that there was no such rule in Chester county, and told counsel for defendant to proceed with the argument, which he did. Whereas, the rule of court in Chester county upon this subject is as follows:

"Rule 3, sec. 10. After the evidence in a cause on trial is closed, the parties shall be entitled to address the jury by not more than two counsel on each side, and not more than three hours shall be consumed by either party, but this period may be abridged by the court in its discretion. If both parties have given evidence, the counsel having the right on the pleadings shall begin, stating explicitly the grounds on which he intends to rely, and citing such authorities as he deems pertinent. The counsel of the opposite party may then address the jury. The counsel who opened, or his colleague, may then conclude, restricting himself to enforcing the grounds previously taken, and answering the views of the opposite counsel, but when such opposite counsel shall produce no testimony, the counsel opening shall be limited to his first address."] [1]

The court charged the jury in part as follows:

[It is proper for me to say to you that there is no testimony here which, in my judgment, would justify you on the ground of cruel and barbarous treatment in rendering a verdict in favor of the defendant, . . . . (after referring to the testimony) and as that is the only piece of testimony that I recall, and that is a disputed question as to what did take place there, whether he did strike her or not, I say it could not justify you in finding for the defendant on the ground of cruel and barbarous treatment, and she has, as I said to you before, attempted to establish that justification on three grounds. The first one that I called your attention to, that of cruel and barbarous treatment, I have said to you under the decisions of our Supreme Court there is nothing there that would warrant a verdict in her favor.] [2]

Verdict and decree for libellant. Respondent appealed.

*Errors assigned* were (1) in refusing to require counsel for

libellant to open the case, reciting bill of exceptions. (2) To portion of the judge's charge, reciting same. (3) In omitting, in reciting the evidence of cruel and barbarous treatment and indignities, all reference to the written contract, the threat that libellant would strike respondent, through the child, and his threat in the kitchen that the next time he would strike her, etc., and that there would be a next time. (4) In answer to defendant's second point, reciting point and answer. (5) To ruling on evidence, reciting offer and ruling.

*Isaac Johnson,* with him *Cornwell, Gheen & Cornwell,* for appellant.—In Brennan's Estate, 65 Pa. 16, the court says that courts are the best exponents of their own rules, but that it would often work the greatest injustice if they were to be allowed to disregard or violate them, and that the Supreme Court will reverse when such is the case.

In Richards v. Richards, 37 Pa. 225, which perhaps is as strong a case as there is in the books, in asserting that one act is not enough, the Supreme Court reversed the court below, and ordered a new trial upon the point that the court was of the opinion that one act was not enough. It is pretty evident, though from the opinion of the Supreme Court that if there had been other circumstances or acts the court below should have left it to the jury.

And in May v. May, 62 Pa. 206, this principle is again asserted, as it is in all the cases bearing upon this subject, but in none of them to which our attention has been called, has it been decided that where there are other circumstances, like the threats in this case, has it been decided that the question as to whether the treatment is cruel and barbarous is not a question of fact for the jury. Our contention is that it is.

This libel was filed for desertion and the effort upon the part of the respondent in this offer was to show such circumstances as would convince the jury that though his claim was for a divorce by reason of desertion, it was really for another purpose, and also to give a reason why it was impossible for the wife to return to that household. The court declined to admit the evidence upon the ground that this reason was not set up in the pleadings : Angier v. Angier, 63 Pa. 450.

*A. P. Reid,* for appellee.—Upon the trial of this case, the court was not referred to any such rule as is invoked now. The learned counsel from Delaware county had associated with him in the trial of the case, able counsel of the Chester county bar, of many years' experience before its courts, who knew the practice of the courts, but did not refer the court to the written rule.

Judge HEMPHILL, who tried the cause, and has been on the bench for nearly ten years, asserted that there was no such rule in Chester county; and he correctly stated the rule of practice in said courts as has existed for at least thirty years. The written rule quoted in the argument has been a dead letter for at least that period. It had become obsolete, and was well understood to be such by the profession. It has passed out of the memory, both of the court and counsel, by reason of the universal practice under the unwritten rule followed in this case.

Courts of original jurisdiction have an inherent right to establish and enforce rules to regulate their practice.

The expediency of the rule in ordinary cases is not a question for the appellate court. The regulation of its practice is for the sound discretion of every court: Carpet Co. v. Latimer, 165 Pa. 617; McLane v. Hoffman, 164 Pa. 491; Brennan v. Ins. Co., 148 Pa. 199.

No single act of cruelty, however severe, that comes short of endangering life, is sufficient to justify a divorce: May v. May, 62 Pa. 206; Nye's Appeal, 126 Pa. 341; Richards v. Richards, 37 Pa. 225.

Adultery by the wife after desertion by the husband will not affect the wife's right to a decree of divorce: Ristine v. Ristine, 4 Rawle, 459.

No presumption can be drawn from a presumption: Douglass v. Mitchell, 35 Pa. 440; Warren v. Commonwealth, 37 Pa. 45.

The libel set up desertion as the cause for which the divorce was asked. The respondent by her answer made three defences: (1) Cruel and barbarous treatment, endangering her life; (2) indignities to her person which rendered her condition intolerable and life burdensome; (3) that she left with the consent or by the orders of the libellant.

This offer of testimony did not bear upon any of the questions raised by the pleadings, and it was therefore inadmissible on that ground.

It has been repeatedly held that if a wife deserts the habitation of her husband or the husband turns his wife out of doors, that such acts could only be justified by reasons which would entitle the party to a divorce: Angier v. Angier, 63 Pa. 450; Eshbach v. Eshbach, 23 Pa. 343; Grove's Appeal, 37 Pa. 443; Gordon v. Gordon, 48 Pa. 226; Hahn v. Bealor, 132 Pa. 242.

The offer of the testimony here did not meet this rule.

OPINION BY WILLIAM W. PORTER, J., January 17, 1900:

The question raised by the first assignment of error is, whether the court below should have required the counsel for the libellant to first address the jury. The general rule is that the appellate court will not reverse a judgment, because the court below, in the exercise of its discretion, made a mistake in prescribing the order in which counsel should address the jury: Robeson v. Whitesides, 16 S. & R. 320; Commonwealth v. Contner, 21 Pa. 266; Hartman v. Ins. Co., 21 Pa. 466; Smith v. Frazier, 53 Pa. 226; Blume v. Hartman, 115 Pa. 32; Patterson v. Marine Bank, 130 Pa. 419. In the case at bar, the respondent calls our attention to a rule of the court below which, inter alia, provides that "if both parties have given evidence, the counsel, having the right on the pleadings, shall begin, stating explicitly the grounds on which he intends to rely," etc. We are asked to say that this rule of court required the libellant's counsel to open to the jury and that the court erred in not compelling him to do so.

Rules of court are best interpreted by the court making them: McLane v. Hoffman, 164 Pa. 493; Higgins Carpet Co. v. Latimer, 165 Pa. 617. When, however, they affect the rights of parties their strict observance may be enforced by the appellate court: Brennan's Estate, 65 Pa. 16. A rule of court upon the faith of which a party litigant may have acted or relied, and the failure to observe which will result in injury, cannot be arbitrarily abrogated by the court which made it. Where, however, the rule is for the regulation and orderly transaction of the business of the court, a larger discretion may be conceded.

The rule before us relates wholly to the proceedings in the

course of trial. Its construction and application must be largely left to the discretion of the trial judge. The rule leaves it to the court to determine who, upon the pleadings, is entitled to begin the addresses to the jury. It is by no means clear that under the pleadings the libellant was bound to begin. The libellant alleged desertion. The respondent justified the desertion on the ground of the libellant's conduct. Thus, the respondent, in some degree, assumed the affirmative of the issue. We are unable to see that the trial judge unwisely exercised his discretion in prescribing the order of address to the jury.

There can be no doubt that the learned judge of the court below rightly ruled that there was no testimony in the cause which would justify the jury in finding for the respondent on the ground that the alleged desertion was justified by reason of the cruel and barbarous treatment of her by her husband. The testimony disclosed but one occurrence which would seem to suggest such treatment. The libellant, when threatening to correct his daughter for unfilial language to him, was seized by the respondent. There was a short struggle between the parties in which both received some trifling physical injury. If this should be regarded as an act of cruelty on the part of the husband, it was not sufficient to justify the desertion. The degree of cruelty to justify a desertion is the same as that required in a suit for divorce on the ground of cruel treatment. Nothing less will answer. Separation is not to be tolerated for light causes, and all causes are light which the law does not recognize as ground for the dissolution of the marriage bond: Grove's Appeal, 37 Pa. 443 ; Eshbach v. Eshbach, 23 Pa. 343 ; Nye's Appeal, 126 Pa. 341; Gordon v. Gordon, 48 Pa. 226; Hahn v. Bealor, 132 Pa. 242. No single act of cruelty, however severe, that comes short of endangering life, is sufficient to justify a divorce: May v. May, 62 Pa. 206 ; Nye's Appeal, 126 Pa. 341; Richards v. Richards, 37 Pa. 225 ; Hardie v. Hardie, 162 Pa. 227.

Furthermore, there was no such course of treatment of the respondent by the libellant as rendered her condition intolerable or her life burdensome. The single act of alleged cruelty above referred to was not such an indignity to her person as forced her to withdraw from the libellant's house. It is not of a single act that the law speaks in this connection, but of

such a course of conduct or continued treatment as renders the wife's condition intolerable and her life burdensome: Richards v. Richards, 37 Pa. 225. The ·trial judge, however, in his charge carefully and fairly reviewed the testimony bearing upon the alleged indignities suffered by the respondent, and allowed the jury to pass upon the question whether she suffered such indignities to her person as rendered her condition intolerable and her life burdensome. The second, third and fourth assignments are overruled.

The proof, the rejection of which by the court below is made the basis of the fifth assignment, amounts to an offer to show that there was an unmarried woman living at the libellant's house with a child, some five years after the alleged desertion ; that he took a fatherly interest in the child, even taking it to its mother's room. Had the offer gone much further in the same direction it clearly should not have been received. Adultery itself by a libellant after desertion by the respondent does not deprive the libellant of his right to a decree for desertion : Ristine v. Ristine, 4 Rawle, 459. The offer here, however, is to prove only facts, from which an inference of wrongdoing is to be made, and this inference is to be made the basis for a second inference that the libellant's application for divorce was not made in good faith because of desertion. A presumption cannot be drawn from a presumption : Douglass v. Mitchell's Executors, 35 Pa. 440. The respondent claims that the evidence should have been admitted for the reason, first, that it would have disclosed a cause for the wife's failure to return to her husband. The act complained of is fixed at a date some five years after the desertion, and the statutory time required by the act to justify a decree was long past. The second reason given by the respondent is no more substantial. It is that the evidence tended to show a purpose in the proceeding at variance with good faith in the claim of desertion. There is a manifest difference between motive for divorce and ground for divorce. The ground being substantial, the motive matters not. If a course of action on the part of the husband be such as to lead to the conclusion that it was to drive the wife to conduct upon which he might obtain a divorce, the intent becomes a matter of inquiry, as in the case of Angier v. Angier, 63 Pa. 450. But conduct of the husband, long subsequent to the

desertion cannot be set up as a bar to the proceeding for divorce based on the desertion.

We have discussed the facts as briefly as possible. No good purpose is subserved by spreading upon the reports details of domestic unhappiness, unnecessary to support the judgment of the court. We have, however, given the testimony in this case a careful scrutiny, both with reference to the particular questions raised and to the merits of the whole controversy. This would seem to be a duty under the decisions of the Supreme Court, in Angier v. Angier, 63 Pa. 450, and Middleton v. Middleton, 187 Pa. 612. We find no reason for disturbing the decree entered by the court below.

Decree affirmed.