# Pittsburg Gas Engine Company *v.* South Side Electric Manufacturing Company, Appellant.

*Evidence—Witness—Statement by expert.*

1. It is reversible error to permit an expert witness to make a statement which rested on nothing to warrant it in the evidence.

*Contract—Sale—Repair of engine.*

2. Where a manufacturer sells an engine and the customer accepts it and a dispute arises as to its running, and the seller agrees for a certain amount to repair it and put it in running order within a period stated and he fails to do so for a considerable time after the expiration of such period, the purchaser is justified in notifying the seller to remove the engine without giving him any further time to make it work. In such a case the burden is not upon the purchaser to show that it was impossible for the engine to be repaired.

Argued April 22, 1910. Appeal, No. 106, April T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 444, on verdict for plaintiff in case of Pittsburg Gas Engine Company v. South Side Electric Manufacturing. Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover the costs of repairing an engine. Before CARNAHAN, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,497.19. Defendant appealed.

*Errors assigned* (1–24) appear by the opinion of the Superior Court.

*F. C. McGirr,* of *Marron & McGirr,* for appellant.

*J. S. Ferguson,* with him *E. G. Ferguson,* for appellee.

OPINION BY MORRISON, J., July 20, 1910:

The plaintiff brought suit to recover the sum of $1,479.19,

with interest from May 1, 1907, for work and labor done and materials furnished, as alleged, in repairing a certain gas engine. To the plaintiff's declaration an affidavit of defense was filed.

The first three specifications of error complain of the court for permitting the plaintiff's counsel to put in evidence the bill of particulars attached to the declaration and also certain exhibits referred to in the second and third specifications. If the defendant's counsel had seen fit to rely on the alleged errors raised in these specifications and not offer anything on the merits of the case, the said specifications would seem to be serious. But the learned counsel seems to have preferred to offer a large mass of testimony and to try the case on its merits and inasmuch as the learned court only admitted the evidence referred to for a limited purpose, we are not convinced that these specifications ought to be sustained. The first, second and third specifications are not sustained.

We have carefully examined the fourth, fifth, sixth and seventh specifications and we are not convinced that any of them raise reversible error and they are not sustained.

The eighth specification complains of the court for directing Thomas M. Rees, a witness for the defendant, to make an explanation which is quoted in the specification in regard to another engine sold to Joseph Horne & Company. After this statement was made counsel for defendant moved the court to strike it out. This motion was refused and an exception allowed and a bill sealed. We think this statement was irrelevant and incompetent and it cannot now be determined what effect it may have had upon the jury. The eighth specification is sustained.

The ninth and tenth specifications refer to a statement made by W. J. Wooley, a witness for the plaintiff, in regard to how the shaft of the engine might have been bent: "Q. You said it could be done by accident. What do you mean by that?" Objected to as being entirely irrelevant and incompetent. Objections overruled. Exception allowed and bill sealed. "A. Well, they usually have a

bar lying around, or hammer or wrench, that might be dropped down and get under the wheel, or in between the wheel, and in that way bend it." The tenth specification, with exception and bill sealed, is to the refusal of the court to strike the above testimony out. The witness Wooley was on the stand as an expert, but we cannot see that the testimony complained of was anything but a guess. It rests upon nothing to warrant an expert witness in making the statement. But this statement may have had weight with the jury and we think it was error to admit it and error to refuse to strike it out. The ninth and tenth specifications are sustained.

The eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth specifications are not sustained. In our opinion, when they are considered in connection with the entire charge and the evidence, none of these specifications raise reversible error.

The seventeenth specification is quite lengthy and it is not necessary to quote it here. It refers to the testimony of Mr. Lippert in regard to the time given to the plaintiff to repair the engine and make it work and also quotes from the charge what the court said in that respect. The court said to the jury: "The fact that it [defendant] peremptorily and arbitrarily, without notice to the plaintiff and without notice of a previous intention to do so, notified the plaintiff that it must take the engine out now leaves it with the defendant to satisfy you as a jury that it was impossible to run that engine within a reasonable time. That is the situation, so far as the defendant is concerned, with respect to the running of this engine." The evidence shows that the engine was to be repaired and put in good order at the holidays and this time was long past when the defendant demanded that the plaintiff should remove the engine. In the circumstances disclosed by the evidence we think the court placed too heavy a burden on the defendant by telling the jury that it must show that it was impossible to run the engine within a reasonable time in order to justify the defense. If the

conduct of the plaintiff in respect to the engine, as disclosed by the evidence, indicated that it was reasonable to suppose that the engine could not be made to do its work, then we think the defendant was justified in notifying the plaintiff to remove it. The seventeenth specification is sustained.

We do not think the eighteenth and nineteenth specifications raise reversible error, and they are not sustained. We think the defendant justified in complaining of the excerpt from the charge on which the twentieth specification is based. There was evidence in the case from which the jury might have found that the plaintiff was not entitled to be paid for the work and labor done and materials furnished in the attempt to make the engine do the work it was designed for; that is to say, if the attempt to put the engine in good working condition failed. But the language used by the court, as quoted in this specification, seems to ignore the defendant's contention and to convey to the jury the idea that the plaintiff was entitled to recover. The twentieth specification is sustained. The twenty-first specification is not sustained.

In view of the length of time that the plaintiff consumed in the attempt to put the engine in working order and the allegation of the defendant that the plaintiff had entirely failed in that respect, we think the twenty-second specification bore too heavy on the defendant. The plaintiff had consumed considerable more time than was specified in the original contract for putting the engine in order, and the evidence shows that the plaintiff must have known that the defendant needed the use of the engine and in the circumstances we think the language used by the court as quoted in this specification bore too hard against the defendant. The defendant was not bound to satisfy the jury that the engine could not be repaired. The question that ought to have gone to the jury was as to the reasonableness of the action of the defendant in view of all the facts and circumstances disclosed by the evidence. The twenty-second specification is sustained.

The twenty-third specification complains of the court in again casting upon the defendant the burden of showing that it was impossible to make the engine run. If the jury so found, they were told that they might render a verdict for the defendant. "If you do not determine from the testimony that it was not possible to run that engine, then in view of the circumstances the plaintiff is entitled to recover in this case. The claim is $1,497.19, with interest from May 1, 1907." We think the language above quoted placed entirely too heavy a burden upon the defendant and it is apparent that the last sentence in the quotation, coming at the end of a long charge, upon a large mass of testimony, was very suggestive.

We do not think there is any merit in the twenty-fourth assignment. The matter therein complained of was undoubtedly in the discretion of the court below: Blume v. Hartman, 115 Pa. 32; Patterson v. Marine Nat. Bank, 130 Pa. 419; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290. The twenty-fourth specification is not sustained.

The judgment is reversed and a venire facias de novo awarded.