## Torak v. Philadelphia & Reading Railway Co., Appellant.

*Constitutional law—Courts—Municipal Court of Philadelphia—Act of July 12, 1913, P. L. 711.*

Section 12 of the Philadelphia Municipal Court Act of July 12, 1913, P. L. 711, requiring an answer to be filed by the defendant in an action of trespass within ten days after service of the statement of claim upon him is not local and special legislation regulating the practice in a judicial proceeding, and is constitutional.

*Courts—Municipal Court of Philadelphia—Rules of court—Practice, C. P.*

The Municipal Court of Philadelphia has power to enact a general rule of court providing that "In all trials counsel for both

sides shall make such opening statements, as may be proper, to the court or jury, before any testimony is offered by either party."

*Railroads—Passengers—Ejection of passenger—Personal injury —Damages.*

In an action against a railroad company by a passenger, to recover damages for an alleged improper and violent ejection from a train, where the plaintiff testifies to personal injuries, and that he had called in a physician, he may properly state how many times he was visited by the physician.

In such a case damages are not limited merely to an amount sufficient to compensate plaintiff for the trouble and inconvenience caused him by the delay in being put off the car, and the additional expense necessary to complete his journey. He is entitled to substantial damages for the inexcusable trespass.

*Practice, C. P.—Trial—Charge—Exceptions to charge—General exceptions.*

The refusal to allow a general exception to a charge is not a basis for an assignment of error, but in this case the error was held to be harmless.

*Practice, C. P.—Reduction of verdict—Stipulation—Entry of judgment on verdict.*

In an action of trespass where the jury returns a verdict for $300, the court may direct that a new trial be granted unless the plaintiff files a stipulation that he will accept in full satisfaction of his claim the sum of $150, and if such stipulation is filed, but payment of the $150 is not made within ten days then judgment may be entered on the verdict in the sum of $300, and the plaintiff files the stipulation, but the defendant does not pay within the ten days, judgment may be entered on the verdict.

Argued Dec. 4, 1914. Appeal, No. 208, Oct. T., 1914, by defendant, from judgment of C. P. May T., 1914, No. 146, on verdict for plaintiff in case of Alexander Torak v. Philadelphia & Reading Railway Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass for wrongful ejection from a train. Before MELLON, J.

"Previous to the jury being sworn, counsel for the defendant addressed the court as follows:

"Mr. Mason: I object to the jury being sworn in the

present case and the trial proceeded with for the reason that the case is not at issue as no plea has been filed; a plea of "Not Guilty" having been tendered to the clerk of the Municipal Court and the clerk refusing to accept the same, the plea is now tendered for filing to bring the case at issue properly.

"The Court: The plea tendered is refused.

"Mr. Mason: Will your honor grant me an exception to that? Exception. (1)

Plaintiff was asked the question:

"Q. How many times did Dr. Goldfetter see you?

Objected to by counsel for the defendant. Objection overruled. Exception. (2)

"A. About two or three times."

"Plaintiff rests.

"Counsel for defendant asks permission to make his speech at this time."

(Permission refused.)

Exception noted for defendant by direction of the court. (3)

"4. In rendering a verdict for plaintiff, you will award him the amount of the fare to which he was entitled to be carried, and the additional amount he was compelled to pay from Reading to Royersford, damages for the loss of time occasioned by the delay, and any other pecuniary loss caused to his person or health; and a substantial amount as compensation for the indignity, humiliation, wounded pride and mental suffering involved under and resulting from such wrongful expulsion.

"The Court: If this company was negligent and brought about the alleged things, such as taking the money and loss of time, then you will be justified in rendering against them a verdict; but as to the question of a substantial amount, that is for you to decide, and this whole point depends on the proof that the defendant company alone was negligent and that Torak was not negligent at all.

"Mr. Mason: I object to the affirmance of the plaintiff's fourth point as qualified.

"The Court: I will grant you an exception to that."

(4)

"Mr. Mason: I ask also for a general exception to the charge.

"The Court: That is refused, and I will grant you an exception to that."   (5)

Verdict for plaintiff for $300 upon which judgment was entered.   Defendant appealed.

*Errors assigned* were (1-5) various rulings as above and (6) in permitting judgment to be entered in the full amount of the verdict after having directed that it should be reduced to $150.

*Wm. Clarke Mason,* for appellant.

*George Quintard Horwitz,* with him *Abraham Wernick,* for appellee.

OPINION BY RICE, P. J., July 21, 1915:

Since this case was argued the legal question raised by the first assignment of error has been decided by the Supreme Court adversely to the appellant's contention, in Philadelphia & Reading Ry. Co. v. Walton, 248 Pa. 381.   Therefore, the assignment is overruled.

After the jury were sworn and counsel for plaintiff had opened on his behalf, counsel for defendant stated that he did not desire to make any remarks to the jury at that time.   But after the plaintiff rested his case in chief, counsel for defendant asked permission to make his opening speech, which was refused.   This ruling, which was excepted to and is the subject of the third assignment of error, was based on a general rule of the municipal court which reads as follows: "In all trials counsel for both sides shall make such opening statements, as may be proper, to the court or jury, before any

testimony is offered by either party." We entertain no doubt as to the correctness of the court's interpretation of the rule, and we are not convinced that the court exceeded its power in making the rule. While it is in accordance with the practice that prevails in some jurisdictions, it does not accord with the practice that prevails in the other courts of this Commonwealth, and had prevailed immemorially before the establishment of the Municipal Court. Viewing the question from the standpoint of expediency, a strong argument can be made in favor of the ancient practice, and the opposite view is not without support of good reasons. But the question for us is not as to which is the better practice, but as to the power of the court to make the rule. By Section 16 of the Act of July 12, 1913, there is vested in the Municipal Court "full power to make rules regulating the practice and procedure therein." There is no constitutional or statutory provision that prevents a court having that general power from establishing a different practice. Nor can we see that any substantial right of the defendant is taken away or abridged by requiring the opening statement of his counsel to be made immediately after the plaintiff's counsel has made his opening statement, and before any evidence is offered by either party. The order in which counsel for parties address the jury is within the discretion of the trial court, and its action is not reviewable upon appeal: 21 P. & L. Dig. of Decisions, 37732; 1 P. & L. Dig. of Decisions, 1005. This statement of the general rule is supported by a long line of decisions, amongst the more prominent of which are: Robeson v. Whitesides, 16 S. & R. 320; Smith v. Frazer, 53 Pa. 226; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290. As will be seen by a careful study of these and other decisions upon the point, the principle at the foundation of the rule is, that the order in which counsel address the jury is a matter of practice, not of absolute legal right, and, being so, is the subject of regulation by the trial court. If this be true as to closing arguments

in individual cases, the making of a general rule like
that in question must, for even plainer reasons, be within
the discretionary power of the court. This assignment is
overruled.

The second and fourth assignments may be considered
together. A brief reference to the testimony is neces-
sary to a correct understanding of them. The action was
trespass for unlawfully ejecting the plaintiff from the
defendant's railroad train. Plaintiff testified that on the
day in question he purchased a ticket from Reading to
Philadelphia, tendered it to a trainman upon the train,
by whom it was accepted, but subsequently the train-
man returned, gave him a ticket which was not good, as
it read the other way and had been canceled; the train-
man told him that he would be required to pay his fare;
plaintiff refused and he was told to leave the train at
Royersford. Upon his refusal to do this, the conductor
and another person took him by the arms and forcibly
ejected him from the car. He testified that his arms
were black and blue for a week as a result of their han-
dling of him; that after they removed him from the train,
a police officer called by the conductor took him into the
ticket office and kept him there for about twenty minutes,
until he paid his fare under threats of arrest; that after
he paid his fare he was permitted to go; that subse-
quently because of lack of money he was compelled to
sleep on a hard bench in the railroad station over night;
and that following his ejection from the train he was
very nervous, had severe bruises over the arms, had chills
in consequence of the cold he caught and was confined
to bed for a week. He testified that he called in a phy-
sician, and this led to the question which is the subject
of the second assignment of error. Clearly, in view of
his previous testimony, it was competent to ask him how
many times he was visited by the physician. The in-
structions which are complained of in the fourth assign-
ment of error we think were warranted by the testimony
given by the plaintiff. In Laird v. Pittsb. Traction Co.,

166 Pa. 4, which was a case somewhat similar to the present, it was held: "In such a case damages are not limited merely to an amount sufficient to compensate plaintiff for the trouble and inconvenience caused him by the delay in being put off the car, and the additional expense necessary to complete his journey. He is entitled to substantial damages for the inexcusable trespass." See, also, Perry v. Pittsburgh Union Pass. Ry. Co., 153 Pa. 236. The testimony was conflicting, but the questions of fact were all fairly and impartially submitted to the jury, and in giving the instructions which are complained of in this assignment the trial judge was very careful not to invade their province. These assignments are overruled.

The defendant asked for and was allowed several exceptions to particular portions of the charge, but the court refused to allow a general exception, which ruling was excepted to and is made the subject of the fifth assignment of error. The ruling was in accordance with several decisions of the Courts of Common Pleas which had been made at that time. But in the case of Mastel v. Walker, 246 Pa. 65, decided in July, 1914, Mr. Justice Moschzisker stated the rule upon the subject as follows: "A litigant is entitled as a matter of right to except generally to a charge (Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169), and under such an exception he may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury; moreover, he may assign the whole charge as inadequate, if it fails to present the real questions in the case or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved or their duties in connection therewith." It follows that there was error in the ruling here complained of. But it is to be noted that the charge and the notes of testimony were transcribed and filed by order of court and were brought on the record by the special exceptions. We have ex-

amined the charge, in the light of the testimony, as if it had been generally excepted to, and find nothing in it which would justify a reversal. Therefore, the error complained of in this assignment was not harmful.

The defendant filed à motion and reasons for new trial. By order of July 1st, the plaintiff was "directed to file a remittitur for $150, within ten days, otherwise motion for new trial granted." Before the ten days had expired the court made another order, which was evidently intended to supersede the former one (at least, it had that effect), "that a new trial be granted in this case unless plaintiff within ten days file a stipulation that he will accept in full satisfaction of his claim the sum of $150, and all costs, provided the same is paid within ten days after notice of the filing of said stipulation to defendant or its counsel. If said stipulation is filed and payment of said amount with all costs is not made as aforesaid within ten days, then new trial is refused and judgment may be entered on the verdict in the sum of $300." The plaintiff filed the stipulation, but the defendant did not pay. Accordingly, judgment was entered on the verdict. Similar orders have been sustained, on appeal, in many cases, among which may be mentioned Fleming v. Dixon, 194 Pa. 67; Wirsing v. Smith, 222 Pa. 8; McLaughlin v. Kelly, 230 Pa. 251; Campbell v. Pittsb. Bridge Co., 23 Pa. Superior Ct. 138; Weinberger v. Suess, recently decided in Pittsburgh. After consideration of the nature of the trespass complained of and the facts which the jury could find from the testimony, we cannot say that the damages awarded by the jury were so excessive and so lacking in support in the testimony as to justify us in holding that the court committed error in not granting a new trial.

The assignments of error are overruled and the judgment is affirmed.