## Moore v. Stauffer Sales Company, Appellant.

Argued November 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Guy K. Bard,* and with him *Amos E. Burkholder,* for appellant.

*Paul A. Mueller* of *Windolph and Mueller,* for appellee.

OPINION BY TREXLER, P. J., January 28, 1932:

The plaintiff, Hugh Moore, brought suit against the defendant, Stauffer Sales Company, and alleges that on August 30, 1928, he purchased from the defendant one hundred seventy-seven (177) pigs which were sold on the express and special warranty that the livestock had been treated for the cholera in accordance with the laws of the State of Pennsylvania.

Plaintiff alleged that the livestock had not been so treated and that cholera appeared within about two weeks after the sale and one hundred forty (140) of the pigs died and the plaintiff lost $639.80 and incurred expenses in the medical treatment of the hogs and for hauling which increased the sum to $736.30.

We assume that the facts as above stated were established at the trial, for the jury found in favor of the plaintiff for the amount claimed.

Apart from the first assignment of error which alleges error in the court in not granting a new trial and which need not be considered, for the matter was one entirely for the jury, all the remaining assignments are directed to alleged errors in the trial in exclusion of testimony.

The question was put to the witness, a veterinarian, "Were all the hogs that were sold that day treated by you or certificates shown to you?" Answer, "Yes, sir." The question was objected to and the answer was stricken out and we think properly so. Certainly the witness could not testify as to certificates shown to him. They should have been produced at the trial.

The other objection is to the exclusion by the court of an offer to prove that under the evidence produced by both sides, "both as to the nature of the disease and the way the hogs were loaded and transported, it was possible and probable in view of the fact that all of these hogs were treated, that these hogs died from a disease other than hog cholera." The court excluded this offer because the possibility of such a thing happening was not properly in the case. The inquiry opened a field of conjecture which would not throw any light upon the subject. At best, the whole matter would be guesswork. To show that it is possible that the hogs might have died of another disease is not contradicting the witness' who testified that they died of cholera. If the doctor had offered to testify in response to a proper inquiry that he believed that the hogs had died from some other disease, the testimony might be admissible. See McCrosson v. P. R. T. Co., 283 Pa. 492; Dewees v. Day, 291 Pa. 379; Gas Engine Co. v. Electric Mfg. Co., 43 Pa. Superior Ct. 485.

The other assignment requires no extended notice. It is to the effect that the court erred in failing to charge the jury that if the defendant's veterinarian had "single-treated" or received certificates of single treatment of these particular hogs within thirty days from the date of the sale, then their verdict must be for the defendant. This was covered in the general charge by the court who stated that the defendant claimed that they had certificates for the hogs. The

court did not go into an extended comment as to this, but, at the conclusion of the charge, asked counsel if they had anything further and some suggestions were made, but none covering the above subject. It is now too late to raise the point.

All the assignments of error are overruled and the judgment is affirmed.