# Heidrich, Appellant, *v.* Heidrich.

*Divorce—Adultery—Exposure of wife to lewd company—Turning wife into street—Act of March 13, 1815, sec. 7.*

Where a husband turns his wife into the streets of a large city, with but a trifling sum to provide for her wants under circumstances fully as consistent with innocence as guilt, on her part, he cannot for adultery thereafter committed by her, secure a divorce. The act of March 13, 1815, sec. 7, is a complete bar in such a case.

Argued Dec. 8, 1902. Appeal, No. 279, Oct. T., 1901, by plaintiff, from decree of C. P. No. 3, Phila. Co., June T., 1897, No. 14, dismissing exceptions to master's report in case of Herman C. Heidrich v. Anna M. Heidrich. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Libel for divorce.

Exceptions to report of Alexander H. Scott, Esq., master.

The ground for divorce alleged in the libel was adultery.

The master found that the evidence was insufficient to sustain the libel. The testimony tended to show that the respondent after she was turned out of the house by her husband boarded in two houses, the reputations of which were questionable.

*Error assigned* was in dismissing exceptions to master's report.

*F. F. Brightly*, for appellant.

*John A. Ward*, for appellee.

OPINION BY SMITH, J., January 20, 1902:

Upon the evidence on the part of the libellant, the master reported that no sufficient ground for a divorce had been shown. The court below overruled the libellant's exceptions to the report, and dismissed the libel. A careful examination of the evidence has satisfied us that the matters in question were rightly determined below.

Besides the inadequacy of the evidence to establish the alleged acts of adultery, the circumstances in which the appellee was placed, by the conduct of her husband, may well be pleaded as a bar to the action. The act of March 13, 1815, section 7, provides that if the "husband exposed his wife to lewd company, whereby she became ensnared to the crime aforesaid, it shall be a good defense and a perpetual bar against " a divorce. For a husband to turn his wife into the streets of a large city, with but a trifling sum of money to provide for her needs, under circumstances fully as consistent with innocence as with guilt, on her part, as was done by the libellant in this case, is a proceeding well calculated to expose her to lewd company, and to the manifest danger of being ensnared, within the meaning of the statute. Thus left to roam the streets in search of shelter, her course was the consequence of an act by the libellant for which the evidence shows no adequate cause.

The appeal is dismissed, and the decree is affirmed, at the costs of the appellant.