# Welfer *v.* Welfer, Appellant.

*Divorce—Cruel and barbarous treatment—Indignities to person—Evidence.*

1. The cruelty which entitles a woman to a divorce is actual personal violence or the reasonable apprehension of it, or of such a course of treatment which endangers her life or health, and renders her habitation unsafe.

2. A woman is entitled to a divorce if she shows by her own testimony corroborated by other witnesses, that her husband was guilty of repeated acts of personal violence, of profanity and vulgarity, that he threatened her and that he pointed a revolver at her.

Argued April 16, 1913.   Appeal, No. 39, April T., 1913, by defendant, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1909, No. 80, awarding divorce in case of Annie M. Welfer v. John G. Welfer.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Libel for divorce.   Before COHEN, J.
The opinion of the Superior Court states the case.

*Error assigned* was decree awarding divorce.

*R. S. Martin,* with him *W. A. Hudson,* for appellant, cited: Angier v. Angier, 63 Pa. 450; Romich v. Romich, 3 Pa. Dist. Rep. 617; Garrett v. Garrett, 11 Del. County, 273.

*John S. Ferguson,* with him *William S. Woods,* for appellee.

OPINION BY HENDERSON, J., July 16, 1913:
The complainant's petition alleged two causes of divorce: cruel and barbarous treatment and indignities to the person.   The cruelty which entitles a woman to a divorce is actual personal violence or the reasonable ap-

prehension of it or such a course of treatment as endangers her life or health and renders cohabitation unsafe. This statement of the law as expressed in Butler v. Butler, 1 Pars. 329, was adopted in Gordon v. Gordon, 48 Pa. 226; May v. May, 62 Pa. 206; McMahen v. McMahen, 186 Pa. 485, and this is the test to be applied to the complainant's case on the first cause set up. The learned judge before whom the case was tried credited the evidence offered by the complainant and held it sufficient to establish a case of cruelty. That there were repeated acts of physical violence appears from the testimony of the complainant and in this she is corroborated to some extent by other witnesses. That there were threats of violence; that the respondent pointed a revolver at his wife and engaged in other acts of a threatening character also appears from her testimony. We are not persuaded that the conclusion arrived at is not supported by sufficient evidence. If the witnesses of the complainant are to be believed the statements of fact and the reasonable inferences to be drawn therefrom justify the action of the court. The judge before whom the witnesses appeared had a better opportunity to estimate the value of their testimony than have we and we cannot say that the evidence was legally insufficient to make out the first charge in the complaint.

If there were any doubt on that point, however, it cannot be questioned that the testimony makes out a case of indignities to the person. It is not necessary to review the evidence on that branch of the case. The repeated acts of profanity, vulgarity, offensive epithets and personal violence shown by the testimony offered in support of the case were sufficient to sustain the decree.

The offers of testimony presented by the respondent and rejected by the court were not responsive to the plaintiff's case and the specifications of the bill of particulars. The evidence proposed might tend to account in part for the complainant's dissatisfaction with her husband but

did not negative the testimony exhibiting specific acts of misconduct justifying the complainant in separating from him.

The decree is affirmed.