# Yost, Appellant, *v.* Yost.

*Divorce—Adultery—Recrimination—Act of March 13, 1815, 6 Sm. L. 286.*

Where a husband files a libel for divorce against his wife on the ground of adultery, and at the trial the wife establishes adultery by the libelant, the husband's libel will be dismissed.

Argued May 2, 1913.     Appeal, No. 191, April T., 1913, by plaintiff, from decree of C. P. Allegheny Co., Oct. T., 1912, dismissing libel for divorce in case of Elmer P. Yost v. Ada A. Yost.     Before HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.     Affirmed.

Libel for divorce.

BROWN, J., filed the following opinion:

1. The libel filed by libelant against respondent alleges that the said Ada A. Yost hath at divers times since the date of her marriage with your petitioner, had sexual intercourse with divers persons other than your petitioner and hath, at divers times since the time of her said marriage, committed the crime of adultery.

2. The answer filed by respondent denies the charge, and avers that libelant has committed adultery both before and since his desertion of respondent.

3. Libelant's bill of particulars alleges the respondent, Ada A. Yost, committed adultery and had sexual intercourse with one, Carlton C. Anthony, commonly known by her as Dr. Anthony, at divers times, particularly beginning on or about April 20, 1912, and continuing once and twice a week for about three months immediately following thereafter, and at divers places, particularly at the respondent's rooms at No. 501 Collins avenue, city of Pittsburg.

And further committed adultery and had sexual intercourse with one, Raimer, or some person having

a name of like sounding, and spoken of by the said respondent as "Ernest." The said respondent, Ada A. Yost, committed adultery with the said Reymer at her rooms as above mentioned, several times a week before and after June 23, 1912, and on said last-mentioned day.

And further committed adultery and had sexual intercourse with a person known as Paul Hughes at divers times at the rooms of the respondent as aforesaid, beginning contemporaneous with the time mentioned in connection with the said Carlton C. Anthony, that is to say, from April 20, 1912, until about August 1, 1912.

And further committed adultery and had sexual intercourse with divers other persons, the time and place and other particulars concerning which the libelant expects to be able to furnish before the trial of this cause.

4. Respondent's bill of particulars alleges "Libelant committed adultery in San Francisco. During the fall of 1911 libelant committed adultery in the city of Pittsburg."

A careful consideration of the testimony has failed to convince us that the stain of the adulterous charge should be impressed upon the respondent.

The substantial ground upon which the husband bases his wife's guilt is the testimony of Mrs. McIntyre (in whose house she resided from about April 15 to July 15, 1912) and a sewing assistant, that about 9:30 in the evening of June 23, 1912, they found respondent and Ernest Raimer in a compromising position on a davenport in the living room. This story is flatly denied by the respondent and Raimer. All the other parties charged by libelant in his bill of particulars deny any improper relations with respondent.

If we could place the seal of verity upon the incident of the night of June 23, and from it draw convincingly and satisfactorily the conclusion of guilt the libelant's case would be made out. But the weight of the testimony—as measured by the bias, interest, manner and appearance of the witnesses—has not so convinced us.

Libelant's guilt—of adultery—is clearly established. Admittedly by his own testimony and that of his physician, Dr. Fink, he was suffering from gonorrhea—for which the doctor treated him, beginning November 13, 1911, and ending the latter part of December, 1911, when he was discharged as cured. He never divulged to the doctor the source of the disease, but at the trial, alleged that he had contracted it from his wife. His story was that the last time he had sexual intercourse with her was about the middle of October, 1911. That his disease was not contracted from her is shown by the testimony of the wife that she never had the disease and by the testimony of their family physician Dr. Weiss (who had performed an operation on her for appendicitis) that on October 25, 1911, when he made a professional examination, she did not have the disease.

His right to a divorce is barred (a) by his failure satisfactorily to establish the guilt of his wife and (b) by the convincing proof of his own guilt of adultery.

Decree refused and libel dismissed at the cost of libelant.

*Error assigned* was decree dismissing the libel.

*Andrew G. Smith,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

Opinion by Morrison, J., July 16, 1913:

This is a libel in divorce on the ground of adultery and the respondent defended by denying the adultery and set up in her answer and bill of particulars recrimination.

A careful consideration of the testimony, arguments of counsel and the opinion of the lower court does not convince us that the learned judge below erred in refusing a decree in divorce to the libelant and dismissing the libel. The learned judge saw and heard the parties and their

witnesses and he was not convinced that the respondent had committed adultery, but he was convinced that the libelant had been guilty of that crime as set up in the answer and bill of particulars. Under the testimony we all concur with the learned court below in his conclusion, under the defense of recrimination, that there was convincing proof of libelant's own guilt of adultery. This of itself fully justifies the refusal of a decree in divorce and the dismissal of the libel at the cost of libelant.

The question of the guilt of the libelant, of adultery, was an issue properly raised and tried in the court below and this issue was, on sufficient testimony. found against him.

The Act of March 13, 1815, 6 Sm. L. 286, sec. 7; 1 Stewart's Purdon's Digest, 13th ed., p. 1246, par. 31, reads: "In any action or suit commenced in the said court (common pleas) for a divorce for the cause of adultery, if the defendant shall allege and prove that the plaintiff has been guilty of a like crime; . . . . it shall be a good defense and a perpetual bar against the same." The opinion of the court below sufficiently vindicates the refusal of a decree in divorce and the dismissal of the libel. In our opinion it is not necessary or profitable to engage in further discussion of this case.

The assignments of error are all dismissed and the decree is affirmed at the cost of libelant.