# Clawell, Appellant, *v.* Clawell.

*Divorce—Adultery—Luring wife—Corrupt evidence—Detective agency.*

A man who suspects a wife may take means to procure proof, but he must not lead her into a fresh wrong because he feels she is guilty of an old one.

A libel by a husband against his wife for divorce will be dismissed where each of the three witnesses for the libellant on whose testimony a master's first report was based, when called at second hearing, admitted that his former testimony was a deliberate lie in regard to every incriminating fact, and it is shown that these witnesses had been suborned to so testify through a detective operative employed by the libellant, who had furnished the necessary money for the purpose.

Argued March 15, 1916. Appeal, No. 362, Oct. T., 1915, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., June T., 1914, No. 3112, dismissing bill in equity in case of John G. Clawell v. Mary Anna Clawell. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel for divorce.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the libel.

*Henry J. Scott,* with him *Charles H. Sayre,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee.

OPINION BY ORLADY, P. J., April 17, 1916:

It is certainly unusual to ask a court of justice to enter a decree in favor of a plaintiff who is shown to have resorted to such practices as are substantially admitted in this record.

Each of the three witnesses, on whose testimony the master's first report was based, when called at the second hearing before him, admitted that his former testimony was a deliberate lie, in regard to every incriminating fact, and further it was demonstrated, that they had been suborned to so testify, through a detective operative employed by the plaintiff, who had furnished the necessary money to secure the result he now urges as the foundation of his action. No fact can be legally ascertained from such polluted sources as to justify a court to enter a decree in favor of the author of such practices.

A libel in divorce, although not technically a bill in equity, may be said to be of the nature of a proceeding in equity. While it is a statutory remedy and conducted according to statutory forms, those forms bear a close analogy to the forms of equity.

Ever since our statute of March 13, 1815, it has been the declared law of our State that if a "husband exposed his wife to lewd company whereby she became ensnared to the crime aforesaid, it shall be a good defense and perpetual bar against his action": Hendrich v. Hendrich, 22 Pa. Superior Ct. 72. He who seeks equity must do equity, is a general and guiding principle in the administration of our divorce laws.

Text writers and our courts agree, that a man who suspects a wife may take means to procure proof, but he

must not lead her into a fresh wrong because he feels she is guilty of an old one.  He may leave open the opportunities which he finds, but he must not lay new temptations in her way; it is one thing to permit, and another to invite; and one who takes advantage of an agent's unauthorized fraud is answerable for the fraud; when a husband intentionally lays a lure for his wife, either acting in person or through an agent, his will necessarily concurs in her act.  A man who is so far forgetful of his own duties, moral and religious, and of all feelings of honor, as to connive at his own disgrace by being a party to her adultery, does not come to a court of justice with clean hands, when he seeks a separation from her on account of the conduct which he has deliberately arranged should occur.

We refuse to decree divorces where it is shown that there has been collusion between the parties, because of the attempt to deceive the courts and subvert the law to their conspiracy.  For the same reason a decree will be refused where the proof is fouled with perjury of the witnesses in the direct or indirect employment of the libellant: Bishop on Marriage and Divorce; Costello v. Costello, 191 Pa. 379.

The opinion of the court below fully warrants the decree there entered.  The appeal is dismissed, and the decree affirmed at the cost of the appellant.