Teresi *v.* Teresi, Appellant.

Argued April 26, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*J. I. Simon,* and with him *Barney Phillips,* for appellant.

*Harvey Morton Aronson,* for appellee.

OPINION BY KELLER, J., July 14, 1933:

The original libel presented two grounds for divorce: (1) Cruel and barbarous treatment; (2) indignities to the person. By amendment filed four and a half months later, adultery was presented as an additional ground.

The court, after hearing the testimony, found that all three grounds for divorce had been established, and entered a decree of divorce.

We are not satisfied that the allegations as to cruel and barbarous treatment or indignities to the person were sufficiently clearly established to justify a decree on those grounds or either of them. But the evidence is sufficient to sustain the decree on the ground of adultery.

Appellant seeks to escape the effect of such a finding by alleging collusion or connivance on the part of the husband, the libellant, and cites our recent decision of Wotherspoon v. Wotherspoon, 108 Pa. Superior Ct. 309, 164 Atl. 842, and the cases cited in our opinion, in support of her contention. Following the English case of Gower v. Gower, L. R. 2 Prob. & Div. 428 (1869-1872) we have uniformly held that if a wife is led into adultery by the acts or procurement of her husband's agent, even though the husband may not have authorized or directed his agent to bring it about, he is not entitled to a divorce. See Clawell v. Clawell, 63 Pa. Superior Ct. 88; Fisher v. Fisher, 74 Pa. Superior Ct. 538; Illg v. Illg, 78 Pa. Superior Ct. 212; Nacrelli v. Nacrelli, 87 Pa. Superior Ct. 162, affirmed 288 Pa. 1, 136 Atl. 228.

But in all the cases decided by us or relied on by us in our arriving at our decision, there was distinct, positive evidence, either that the wife's adultery had been brought about or procured by the husband, or that his agent employed to discover the wife's adultery had been instrumental in procuring her defilement.

In the present case all such evidence is wanting. There is no evidence in the record that would justify or support a finding that the husband had procured or connived at his wife's adultery or that the detectives employed by him to watch his wife and discover her misconduct, if any, had anything to do with bringing about her defilement or did more than was said by this court in Clawell v. Clawell, supra, to be permissible for a husband, who suspects his wife, viz., he may take means to procure proof of her adultery provided he does not, by his agents employed for that purpose, lead her into a fresh wrong, or lay new temptations in her way.

Nothing would be gained by a recital of the evidence. It justified a finding that the wife had committed adultery, as alleged in the amended libel and it wholly failed to substantiate the charge that the husband, or the detectives employed by him, had procured or been instrumental in procuring or bringing about the act of adultery relied on.

The assignment of error is overruled and the decree is affirmed at the costs of the appellant.