## Winner, Appellant, *v.* Winner.

Argued May 1, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and RHODES, JJ.

*John A. Metz,* with him *John A. Metz, Jr.,* for ap-
pellant.

*Abraham Pervin,* for appellee.

OPINION BY KELLER, P. J., July 10, 1936:

The appellant husband brought this action in divorce
against his wife on the ground of wilful and malicious
desertion. The learned judge of the court below who
heard the case found that the respondent wife had wil-
fully absented herself from the libellant's habitation
for more than two years, and that she had no reason-
able cause for doing so. This, if the evidence war-
ranted the findings, would amount to wilful and ma-
licious desertion within the provisions of our Divorce
Code, (Act of May 2, 1929, P. L. 1237) and entitle the
libellant to a divorce. We have carefully read the evi-
dence in the record, as we are required to do in order
to pass on the merits of the case, and our judgment,
as respects these matters of fact, agrees with the find-
ings of the court below, that the wife left the habitation
of the libellant husband on September 8, 1927 and has
remained away ever since;[1] that she had no reason-

---

[1] The libel was filed June 28, 1935.

able cause for leaving; that the alleged acts of cruel and barbarous treatment and indignities to her person which she presented as reasons for her leaving her husband's habitation fell far short of justifying the granting of a divorce to her on those grounds and hence did not furnish reasonable cause for her leaving him. Nothing would be gained by a recital or discussion of them. The alleged acts of cruel and barbarous treatment did not, at all, measure up to the standard of proof required, (See Auerbach v. Auerbach, 98 Pa. Superior Ct. 369, 372; Welfer v. Welfer, 54 Pa. Superior Ct. 215); and considered in connection with the evidence of alleged indignities to the person, the testimony was wholly insufficient to sustain a decree of divorce in her favor, and hence did not reasonably excuse her withdrawal from libellant's habitation.

The court below, however, refused to grant the divorce to which the libellant was otherwise entitled because he had made no efforts to bring about a reconciliation with his wife or induce her to return to his habitation and resume marital relations with him.

The law imposes no such duty on an innocent spouse whose wife or husband has wilfully and maliciously deserted him or her; and in this respect husband and wife are on an equality in this State.

We said, on this point, in Ward v. Ward, 117 Pa. Superior Ct. 125, 130, 131, 177 A. 515: "But apart from this, if her leaving the common home was without reasonable cause or legal justification, and was not by his consent but against his protest, and thus was a wilful and malicious desertion as defined by the law, he was under no duty to seek reconciliation and ask her to come back. In such case it is the duty of the deserting spouse to seek the reconciliation and make the offer to return: Murray v. Murray, 80 Pa. Superior Ct. 575. Until this is done the innocent spouse does not consent to the separation merely because he

or she is not active in seeking a reconciliation. If the deserting spouse offers, in good faith, to come back within the two year period following the desertion, the innocent spouse must receive him or her, or the separation, thereafter, becomes consentable and is no longer wilful and malicious desertion; but there is no legal duty on an innocent spouse to seek a reconciliation with and the return of a spouse who is guilty of wilful and malicious desertion. He or she must leave the door open for two years; but is not required to go beyond this, and make active efforts to induce the deserting spouse to come back. There is no difference in this respect, in this State, between a husband and wife. The law puts them on an equality. If either spouse consents to the separation, either expressly or by fair implication, the separation does not become wilful and malicious desertion, until he or she in good faith seeks a reconciliation and asks the other to come back: Weisbrod v. Weisbrod, 103 Pa. Superior Ct. 267, 156 A. 542. On the other hand, where the separation is without reasonable cause or legal justification and the other spouse has not directed, or consented to, the separation, either expressly or by fair implication, the departure from the common home in such case is wilful and malicious desertion and continues to be such until the deserting spouse in good faith seeks a reconciliation and offers to go back and resume marital relations." And in Mertz v. Mertz, 119 Pa. Superior Ct. 538, 544, 180 A. 708, we said, speaking through Judge CUNNINGHAM: "Respondent also argues that the fact libellant has made no overtures to her to return indicates that he consented to the separation. This is not enough. At best it merely indicates silent acquiescence, which, as we have seen, is insufficient. Such negative evidence does not meet the requirement of the law that there must be proof of some affirmative conduct, amounting to participation in the separation." See also Mac-

Donald v. MacDonald, 108 Pa. Superior Ct. 80, 83, 164 A. 830.

The evidence fails to show any attempt at reconciliation made by the deserting wife after her departure on September 8, 1927, or any expression by her to libellant of a wish to return to his habitation and resume marital relations with him. She made no advances looking to a reconciliation and resumption of marital relations with him, and received no rebuffs or refusals from him.

The fact that eight years after his wife left him without a reasonable cause he testified at the divorce hearing that he was satisfied with her going and would not take her back, did not convert her wilful and malicious desertion into a consentable separation. If this feeling existed during the two years following her leaving his home on September 8, 1927, and was not rather the frank expression of his sentiments when being cross-examined in the divorce hearing, eight years after the desertion, it was not communicated to her and does not excuse her leaving him without cause or her failure for two years thereafter to come back to him or seek a reconciliation. He did nothing affirmatively that amounted to an encouragement to her to stay away. We said of a somewhat similar situation in Leonard v. Leonard, 67 Pa. Superior Ct. 412: "If libellant has a bona fide legal cause for divorce, her reason for desiring it is not important. Where such cause had existed for the statutory period of two years, her statements or letters [thereafter] were no more reasons for the refusal of a decree than would be the filing of the libel. Both were evidence of her state of mind; that respondent was repulsive to her, and that she would very likely have refused to again cohabit with him."

While the learned judge, in refusing the divorce quoted the following extract from our opinion in Trussell v. Trussell, 116 Pa. Superior Ct. 592, 598, 177 A.

215: "To justify a divorce in his favor he must have been ready and willing to have her come back to him during the entire two year period", he apparently overlooked what follows immediately after, and supplements the sentence quoted, and must be read in connection with and as illustrative of it, viz: "If during that time he expressed to her his reluctance or unwillingness to have her live with him, her subsequent remaining away would be excusable and not a wilful and malicious desertion."

The assignment of error is sustained. The decree is reversed and the record is remitted to the court below with directions to enter a decree divorcing the libellant from the bond of matrimony with the respondent. Each party to pay his or her own costs.