## Schmidt, Appellant, v. Schmidt.

Argued May 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Clyde P. Bailey,* for appellant.

156

*Wm. J. Graham,* for appellee.

OPINION BY BALDRIGE, J., July 19, 1940:

This appeal is by a libellant who brought this action in divorce against his wife, alleging wilful and malicious desertion. The learned court below, before whom the case was heard, refused the divorce.

The parties were married June 2, 1934 and lived together until June 8, 1935. The libellant had been married previously. His first wife, who bore him two children, died several years prior to his second marriage. The relation between the parties to this action was not always harmonious; they had previously separated for brief periods, but most of their differences were not of a serious nature, arising principally over matters relative to the children. The libellant heretofore had filed a libel alleging cruel and barbarous treatment. Failing to obtain a divorce in that action, he now alleges that the respondent, without cause, wilfully and maliciously deserted him on June 8, 1935 when she rather abruptly told him that she was leaving.

The wife testified that the previous day, June 7, she had cut flowers for the house, which angered the appellant and he knocked her down. The following evening she told him she was going to see a lawyer and he said: "If you go there to have any advice I will nail you out. ...... You will not get in. I will lock and nail it. I will fix it so no neighbor or nobody can get in."

Notwithstanding this threat she visited an attorney and upon her return she said the home was locked and the windows were nailed; strips put diagonally in the upper sash so that they could not be raised. That night she stayed with Mrs. Patton, a neighbor. The next morning she went to the home, but was unable to gain an entrance. After attending church she returned to Mrs. Patton's house and wrote the following note:

"Walter, if you lock me out put my clothes and medicine out." She put it under the door and "after that that was the end."

There was testimony that on a previous occasion he had locked her out and nailed the windows to prevent her gaining an entrance to the home. She testified that at a hearing on her application for non-support before Judge LENCHER on July 11, 1935, the judge asked her husband if he wanted to take his wife back and he replied that he did not, and that she was then, and is now, ready and willing to return to him.

The libellant denied hitting his wife or preventing her from entering the home. He testified that on the day she left they had no argument and nothing unusual occurred; that she said she was going and "just walked out of the door and never showed up." He did not specifically refute the reply he was alleged to have made to Judge LENCHER'S inquiry, but made the general statement that he never refused to take her back. It is quite evident that the husband made no effort to resume marital relations after he had locked the house on June 8, 1935.

We recognize that if the wife wilfully deserted the husband it was not incumbent upon him to invite her to return. This libellant's conduct generally, however, including the bringing of the divorce action on the grounds of cruel and barbarous treatment, indicates to us that his complaint was not made in sincerity and truth; that he is not in the language of the Act of May 2, 1929, P. L. 1237, 23 PS §17, "an innocent and injured spouse." The separation, apparently, was entirely agreeable to him.

Reference has been made but briefly to the testimony as no good purpose is to be gained by entering into a detailed discussion of all that was said by the various witnesses on both sides, which has been carefully read and considered. It is sufficient to say that we agree

158

with the court below, who had the advantage of hearing and seeing the witnesses, that the libellant has failed to carry the burden of proving by clear and satisfactory evidence that his wife wilfully and maliciously deserted him: *Garbett v. Garbett,* 136 Pa. Superior Ct. 333, 7 A. 2d 368.

Decree is affirmed.