Opinion by
 

 Kenworthey, J.,
 

 TMs is an action in divorce brought by the husband on the ground of indignities. The evidence was heard by Smith, J., who dismissed the libel and denied the divorce. Libellant has appealed.
 

 The parties were married in October 1912. Four children were born of the marriage, whose ages at the time of the trial were as follows: Harold, twenty-five; Leon, twenty-three; Norma twenty-one; and June, sixteen. The differences between the parties resulted in a tragic split among the children; the two boys testified for and corroborated libellant; the two girls took the side of the mother.
 

 According to the evidence offered by libellant and his witnesses, respondent constantly neglected and quarrelled with him; called his relatives vile and abusive names; attempted to poison the minds of the children against him and, on several occasions, was guilty of physical violence toward him; frequently and falsely accused him, in the presence of others, of immoral relations with other women; and neglected her household duties. As a result of these indignities, libellant claimed he had become a nervous wreck, was unable to sleep at night, and that his condition seriously interfered with his work. He denied that he had ever given any provocation for respondent’s conduct and contended that he had always provided a proper home for and had been indulgent toward the family.
 

 According to respondent and her witnesses, libellant was arrogant, domineering and unreasonable; ridiculed
 
 *200
 
 her lack of education; was indifferent to the duties of domestic life; neglected the children; encouraged the children, and particularly the boys, to ignore her; used profanity toward her and called her opprobrious names, complained about the food; taunted her about his relations with other women; and was guilty of physical violence on two occasions. This conduct undermined respondent’s health, caused her to become depressed and led to a nervous breakdown. She denied any provocation.
 

 The above is but a synopsis of the conflicting evidence. It is set forth more fully in the opinion of the learned court below who, after observing that there was little to choose between the parties on the basis of credibility of the witnesses, said:
 

 “It is our opinion that both of the parties to the action, as well as their children, were frequently guilty of unwittingly distorting the truth. It was very apparent that individual incidents, each of them trivial and of no particular contemporaneous importance, had, by a flumping together process,’ come to have in the mind of the witness testifying an exaggerated importance far beyond their original significance. All of the testimony iof the members of the family seemed at variance with the fundamental psychological factor by which memory has a tendency to soften the pain of other years and to embellish the pleasures that have passed. At the time of the trial the Court asked several of the members of the family if they could not out of more than a quarter of a century of family life remember any pleasant incidents. To all of this questioning the replies were negative. Yet, running through the whole testimony is the background of family life not materially different from what one would expect of persons in their station of life and with their normal associations. It is most strange, indeed, that during the great part of this quarter of a century there were no
 
 *201
 
 prior violent outbursts, protests, or characteristic family disruptions that one would have expected had the incidents contemporaneously had the grave significance now attributed to them.
 

 “If one were to listen to the story of the libellant and the two boys, without hearing the other side of the story, he would feel inclined to grant the divorce without hesitation.
 

 “On the other hand, if one were to listen to the story of the respondent and the two daughters, without contradiction from the other side, one, again, would have no hesitation in granting a divorce had such been sought by the respondent.
 

 “Taken together, the stories mutually offset each other in all material allegations and denials and leave the Court no such clear choice as would warrant us in saying that the libellant had met the burden of proof imposed upon him by law of establishing by the fair weight of the evidence the allegation of the libel.”
 

 After carefully reading the evidence, we are of the opinion that the Court reached the proper conclusion. The order dismissing the libel and refusing the decree is affirmed, costs to be paid by appellant.