## Lankin *v.* Lankin, Appellant.

Argued October 30, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Jerome L. Markovitz,* for appellant.

*Samuel Abramson,* for appellee.

OPINION BY RHODES, J., December 13, 1944:

Respondent has appealed from the decree of the court below granting a divorce on the ground of desertion. The action was brought by the husband against his wife. It was averred in the libel that respondent on the 25th day of April, 1941, wilfully and maliciously deserted and absented herself from the habitation of the injured and innocent libellant, without reasonable cause, and continued to so absent herself for and during the space and term of two years and upwards. The alleged desertion occurred in the city of Philadelphia, Pennsylvania, from premises 2631 West Lehigh Avenue. The master recommended that a decree in divorce be granted to libellant. Exceptions to the report were dismissed by the

court below, and a decree was entered granting a divorce a vinculo matrimonii to libellant.

The parties, on April 18, 1930, entered into a marriage contract before witnesses, in New York City, New York. It was a common law marriage, and it was properly established by the testimony of both libellant and respondent. They first lived together as husband and wife in the city of New York, and then moved to 2631 West Lehigh Avenue, Philadelphia, Pa. They had a daughter by such marriage who was born on March 2, 1941. On April 25, 1941, respondent, with their child, went to the home of her parents in California. It was while libellant was at work that respondent left their apartment, and took the train. She removed the furniture and effects, and gave no notice to libellant of her intentions. She had threatened on numerous occasions to leave libellant, and had left for short periods of time before their final separation. The testimony discloses that they quarreled frequently over respondent's friendship with other men and her desire to be free. Respondent set up the defense that the separation was consentable. We have carefully read the evidence in the record, and we agree with the conclusion of the court below. The evidence establishes that respondent left the habitation of libellant on April 25, 1941, and has remained away ever since; that she had no reasonable cause for leaving; that the separation was not consentable; and that she has never manifested any desire or intent to return and resume cohabitation with libellant. There was some correspondence between libellant and respondent after she left, but she gave no indication of an intention or desire to return in any of the letters which have been offered in evidence. The letters between the parties do, however, manifest a mutual interest in the welfare of their child. As we are of the opinion that libellant established wilful and malicious desertion by respondent, it was not incumbent upon libellant to

seek reconciliation or ask her to return; it was her duty, under the circumstances, to seek a reconciliation and make an offer to return. *Thomas v. Thomas,* 133 Pa. Superior Ct. 12, 17, 1 A. 2d 686; *Winner v. Winner,* 122 Pa. Superior Ct. 382, 384, 385, 186 A. 245.

Decree is affirmed.