## Dash *v.* Dash, Appellant.

Argued November 20, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

318

*Harray R. Kozart,* for appellant.

*Albert C. Richter,* for appellee

OPINION BY DITHRICH, J., March 4, 1947:

In this divorce case the master recommended a decree; the respondent filed exceptions to the master's report; the court overruled the exceptions, approved the report, and granted the final decree. Respondent has appealed.

"The rule is firmly established that the findings of fact of a master in divorce are not entitled to the weight ordinarily accorded the findings of an auditor or master in equity. [Rommel v. Rommel, 87 Pa. Superior Ct. 511; Auerbach v. Auerbach, 98 Pa. Superior Ct. 369; Rinoldo v. Rinoldo, 125 Pa. Superior Ct. 323; 189 A. 566.] Notwithstanding the opportunity afforded him to see and hear the witnesses and thus to determine their credibility, his findings of fact are not binding either on the Common Pleas or the appellate court. It is the duty of the reviewing tribunal to consider the evidence afresh and to make its own findings *de novo.* This duty of review *de novo* applies alike to the Common Pleas in considering the master's report, and to the appellate court on appeal from the decree of the Common Pleas": Freedman, Law of Marriage and Divorce in Pennsylvania, Volume 2, §659.

After having made such a review, we are of opinion that the decree must be reversed on either and/or both

of two grounds: (1) separation by express agreement; (2) misconduct on the part of libellant.

After several separations, libellant finally proposed that respondent live with his parents. In *Rood v. Rood*, 117 Pa. Superior Court, 291, 178 A. 173, this court said, page 293: "To justify a decree in divorce on the ground of desertion there must be a clear intention to desert, wilfully and maliciously persisted in without cause for a period of two years. Circumstances may rebut the intention to desert which arises from the refusal of the wife to live at the abode furnished by the husband. Horn v. Horn, 17 Pa. Superior Ct. 486-89; McBrien v. McBrien, 63 Pa. Superior Ct. 576-579.

"By reason of this principle it has been held in a well recognized line of cases in this State that a wife is not chargeable with desertion because of her refusal to live at the home of her husband's relatives, especially where living there causes her discomfort or displeasure. [Citing cases]."

On the second ground, libellant's relations with one Catherine Rush were such as to lead to the fair and reasonable conclusion that they were, to say the least, not platonic. In that connection, respondent testified, in part, as follows: " 'Now listen. I want you to be very fair with me. Is there anyone else?' He said, 'Yes.' I said, 'Who is she?' He said, 'Well, she is a beautiful blonde.' I said, 'Well, where does she live?' He said, 'Near Norristown.' He said, 'I have known her before.' "

In commenting on respondent's testimony in that respect, the court in its opinion said: "Respondent testified that libellant admitted he was in New York with the Rush girl for three days, staying in different hotels; that she found contraceptive devices and hankies with lip stick all over them, in the glove compartment of the automobile. He, however, denied any knowledge of these things and said he frequently lent his car to others." We are not disposed to accept that explanation.

Decree reversed and libel dismissed.