Bowden, Appellant, *v.* Bowden.

Argued April 16, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samuel G. Wagner,* with him *Albert Martin* and *Wagner & Wagner,* for appellant.

*Henry Kauffman,* with him *Louis Little,* for appellee.

Opinion by Hirt, J., July 17, 1947:

The parties to this action were married in 1919. As grounds for divorce the libel charged that respondent entered into a bigamous marriage with one J. F. Ellis in 1928; it also charged the concomitant adultery. After hearing in the court below, a decree of divorce was refused and the libel dismissed. Libellant in this appeal would have us believe that he is entitled to a divorce on both grounds. The order of the lower court will be affirmed.

The parties, citizens of Georgia, came to Pittsburgh following their marriage. They lived there as husband and wife for more than five years and until September 1, 1924, when respondent returned to the home of her parents in Georgia. The separation was precipitated by the conduct of libellant and was with his consent. He paid the cost of respondent's transportation to her former home in Georgia, with the understanding that she would remain there. She was pregnant at the time; her baby was born the following January. Libellant did not communicate with his wife thereafter nor did he contribute to her support or the support of his child. Respondent continued to live on the farm of her parents in Georgia. In 1927 she was informed by a friend that libellant had died. Relying on this false, though not well-founded, report she entered into a marriage contract in Georgia with Ellis on December 27, 1928. About a month later respondent wrote libellant's mother informing her of the marriage which she had just contracted. She lived with Ellis on his farm in Georgia as his wife for about six months, but not after learning that libellant was still living.

During the separation of the parties libellant lived with another woman, known as Sally Bowden, as his wife. After terminating the meretricious alliance he wrote respondent on a number of occasions and finally in June, 1942, asking her forgiveness for his past misconduct and requesting her to return to him. In reply,

before leaving Georgia, she informed him of her bigamous marriage with Ellis. With full knowledge of the facts, libellant received her into his home in Pittsburgh, and lived with her as his wife until August 1, 1944, when he left their common home. The separation was final, and almost immediately thereafter libellant brought this action in divorce.

A compelling argument in favor of an affirmance of the court below is that any other disposition of the case would not make sense. Grounds for divorce are statutory and it has always been a familiar rule of construction that in ascertaining the intention of the legislature there is a presumption, in any factual situation, that an absurd or unreasonable result was not intended. The Statutory Construction Act of May 28, 1937, P. L. 1019, section 52 (1), 46 PS 552, was but declaratory of the existing law in that respect.

The lower court refused the divorce on its conclusion from the credible evidence that libellant had condoned both the bigamy and the adultery charged in the libel. Condonation of adultery is a good defense and a perpetual bar in an action for divorce on that ground under the Divorce Act of May 2, 1929, P. L. 1237, section 52, 23 PS 52. It is said in 1 Freedman on Marriage and Divorce, section 213, p. 532: "Condonation is a defense which has its root in fundamental and accepted standards of justice. It pervades the entire law of divorce." That perhaps is stating the law of Pennsylvania too broadly, though not of other states, generally. Cf. 2 Bishop on Marriage, Divorce and Separation, section 269 et seq. 8 Words and Phrases 492. For reasons stated in *Hollister v. Hollister*, 6 Pa. 449, condonation of cruel and barbarous treatment or indignities is not a defense in an action in divorce. *Nixon v. Nixon*, 329 Pa. 259, 198 A. 154. But in our view, (with dicta of some of the cases to the contrary, e. g., *Ristine v. Ristine*, 4 Rawle 459) the fact that the Divorce Act refers to condonation of adultery alone, does not in itself exclude condonation as a de-

fense to all other charges. Certainly there may be circumstances amounting to condonation of desertion as distinguished from mere silent acquiescence (Cf. *Winner v. Winner*, 122 Pa. Superior Ct. 382, 186 A. 245) which will reduce a desertion, malicious at its inception, to a consensual separation, barring a divorce on that ground. As to bigamy, the attendant adultery is the gravamen of the private wrong and in reason we think it clear that the libellant, who with full knowledge, nevertheless resumed cohabitation with his wife, condoned the public wrong in its private aspect and thus defeated his right to a divorce on that ground; without, of course, affecting respondent's liability to prosecution for the felony, within the statutory limitation of the State where the offense was committed. Libellant's testimony, that he did not learn of his wife's bigamous marriage until 1944 and that he separated from her then when she told him of it, is wholly unimpressive. His testimony is discredited in every material respect. He took his wife back with full knowledge of all material facts. We think the lower court was right in recognizing condonation as a complete defense in this case.

The refusal of a decree was proper on another ground. Section 25 of the Divorce Act of 1929, 23 PS 25, provides that "The petition or libel shall set forth therein, particularly and specifically, the cause of his or her complaint, and shall be accompanied with an affidavit, . . . that the facts . . . are true . . . and that the said complaint is not made out of levity, or by collusion between the said husband and wife, and *for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned.*" (Italics added.) This section in material respects maintains the continuity of the same requirement beginning with the Act of March 13, 1815, 6 Sm. L. 286. These averments of the affidavit are essential to the jurisdiction of the court and cannot be dispensed with. *Roberts v. Roberts,* 5 Kulp 528; *Walentynowicz v. Walentynowicz,* 89 Pa. Superior

Ct. 182; *King v. King,* 75 Pa. Superior Ct. 19. Since the averment is material, "The evidence adduced must be found to conform to its allegations" and a decree must be invariably refused "if it appear . . . that the libel is not founded upon motives of sincerity and truth . . .": *Latshaw v. Latshaw,* 18 Pa. Superior Ct. 465. In *Angier v. Angier,* 63 Pa. 450, 458, it is said: "If it should be shown in any case that the application is not, in fact, based upon the grounds stated, but that the causes set forth are merely to advance a scheme or trick to make out a technical case to sever the bonds of matrimony, no court would permit the application to be successful. It would be against law, justice and truth to do so. Courts ought never to sever the marriage contract, but where the application is made 'in sincerity and truth,' for the causes set forth, and no other, and fully sustained by testimony." Cf. *Schmidt v. Schmidt,* 141 Pa. Superior Ct. 155, 157, 14 A. 2d 849. The libellant here did not disclose a case "founded upon motives of sincerity and truth." He not only condoned respondent's acts but he was guilty of similar misconduct. She lived with Ellis, pursuant to a spurious marriage contract; he, at the same time, lived with Sally Bowden in open adultery without the semblance of marriage. Adultery and even bigamy were not serious offenses in libellant's estimation; he condoned both of them, and recrimination alone would have defeated a divorce on the adultery charge under section 52 of the statute. 23 PS 52. It has always been the law that if during the period of respondent's misconduct, a libellant has been guilty of acts which in themselves would be grounds for divorce, the law will leave the parties where it found them and a divorce will be refused. *Dash v. Dash,* 160 Pa. Superior Ct. 317, 51 A. 2d 426; *Nagin v. Nagin,* 146 Pa. Superior Ct. 198, 22 A. 2d 78; *Daly v. Daly,* 137 Pa. Superior Ct. 403, 9 A. 2d 192.

Order affirmed.

RHODES, P. J., and DITHRICH, J., concur in the result.