## Krogh v. Belanger

*Brownback & Reynolds*, for plaintiff.
*Wright, Mauck, Hawes & Spencer*, for defendant.

FORREST, J., May 17, 1956.—What is the remedy, if any, of a man who desires to evict a squatting mother-in-law from his own home? And is he stymied unless his wife joins with him as a party plaintiff in the proceedings? These questions have been raised in this case by preliminary objections in the nature of (1) a motion to dismiss the complaint in equity for the reason that plaintiff has an adequate remedy at law, and (2) a motion to strike off the complaint for failure to join the spouse as a plaintiff.

"Preliminary objections . . . admit as true all facts which are well and clearly pleaded . . . ": Todd v. Skelly, 384 Pa. 423, 428 (1956). Considered in this light, the complaint sets forth the following facts: Plaintiff individually owns and resides at 435 Spring Mill Road, Villanova, Lower Merion Township, in this county. In 1951 his mother-in-law arrived there, on his implied invitation, "for a visit". The "visit" has been extended to the present time, contrary to plaintiff's express desire to view his mother-in-law at a greater distance. There is every indication that if the sheriff simply evicted her on possessory writs, she would reenter the premises either via the front door or the back, and that this little game of deposing defendant from her son-in-law's castle might continue indefinitely.

It is hornbook law that, "If an injury is repeated or continuous and is remediable at law only by a multiplicity of suits, it can well be regarded as an irreparable one, calling for the interference of equity by the exercise of its restraining powers": Standard Pa. Practice, vol. 8, p. 335.

"Equity is the special forum for obtaining an injunction, which may be granted to prevent actual or threatened trespasses or nuisances of a continuing and permanent character" (Gray v. Phila. & Reading Coal & Iron Co., 286 Pa. 11, 16 (1926), Wortex Mills, Inc. v. Textile Workers U. of A. 380 Pa. 3, 14 (1954)) "especially where the relief is necessary to prevent a multiplicity of suits. Scheetz's Appeal, 35 Pa. 88. Kramer v. Slattery, 260 Pa. 234": Basney v. Keller, 43 Montg. 90, 91 (1927).

Unquestionably there are many instances where indwelling mothers-in-law, instead of causing embitterment, warm the hearts of all those in the home. However, from time immemorial, every husband has lived under the injunction to "leave his father and his mother, and cleave unto his wife": Gen. 2:24. And every wife has had no less a reciprocal duty. A husband who offers his wife a home only with his parents gives her cause for refusal to follow him, or cause to leave him, at least if she finds it unpleasant: Ziegenfus v. Ziegenfus, 159 Pa. Superior Ct. 521 (1946); Dash v. Dash, 160 Pa. Superior Ct. 317, affirmed in 357 Pa. 125 (1947). As he is required to furnish a separate home, so she is reciprocally bound to maintain it by excluding her parents from occupancy against his will. And as a wife who owns her home is at liberty to remove her husband's parents therefrom before they acquire the appearance of permanent fixtures, so also a husband has no less a reciprocal right.

Defendant's second contention is that her daughter, plaintiff's wife, is a necessary party plaintiff. The general rule pertaining to compulsory joinder of parties is set forth in Pa. R. C. P. 2227 as follows: "(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

Examples of persons within the purview of the rule are joint obligees on a contract, coöwners or joint tenants of property in an action for damages thereto or in ejectment to recover the property. See Anderson, Pa. Civ. Pract., vol. 4, pp. 300-302, and cases cited therein. With reference to this plaintiff and his wife, for some purposes the twain may be as one. True enough, if this were a boxing bout, they would be in the same ring, but in different corners and in different capacities, plaintiff as a pugilist and his wife as a second for the other contestant.

And now, May 17, 1956, the preliminary objections are overruled, and defendant is allowed 20 days from this date within which to answer on the merits. Exception to defendant.