Berezin *v.* Berezin, Appellant.

Argued March 25, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Walter Stein,* with him *Berger and Gelman,* for appellant.

*Louis J. Goffman,* with him *Anthony S. Minisi* and *Abraham L. Freedman,* and *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY WRIGHT, J., June 11, 1958:

We are here concerned with an action in divorce a.v.m. instituted by Rose Frank Berezin against her husband, Max Berezin. The complaint averred cruel and barbarous treatment, indignities to the person, and adultery, but only the last allegation was pressed. The husband defended on the ground that the wife was not an innocent and injured spouse because, at the time of his undenied adultery, there had accrued to him a cause of action against her for indignities to the person. The distinguished master, now a United States District Court Judge, recommended a divorce on the ground of adultery. While he expressed doubt concerning the merit of the husband's legal position, the master disposed of the question by finding that a case of indignities by the wife "has not been made out". Exceptions were filed and argument was heard before a court en banc consisting of Judges REIMEL and WEINROTT. The exceptions were subsequently dismissed and a final decree entered. The husband has appealed.

Appellant's first and principal contention is that, because of her prior indignities to his person, the appellee is not an innocent and injured spouse. Appellant does not here question the commission of adultery. His position is that, prior to his adultery and at a time when he was an innocent spouse, there had accrued to him a cause of action in divorce on the ground of indignities to the person which, he argues, is a complete defense to appellee's present action on the ground of adultery. We are not in accord with this contention. Adultery is "the most serious marital transgression known to the law", *Newman v. Newman,* 170 Pa. Superior Ct. 238, 85 A. 2d 613, and we cannot agree that the commission of indignities by one spouse gives to the other a permanent license to commit adultery without being subject to the sanction of divorce.

Appellant relies upon that portion of Section 10 of The Divorce Law[1] which provides that the plaintiff must be "the innocent and injured spouse". The application of this provision in defense of an action based on the ground of adultery has never been directly considered. The import of our prior cases is that the plaintiff in a divorce action must be innocent of any contribution to the situation of which he complains. Consequently one who has provoked, encouraged, or consented to the acts complained of may not assert them as a successful ground for divorce. This principle is most frequently invoked in cases involving the refusal of a divorce on the ground of indignities because of similar conduct on the part of the plaintiff. See *Moyer v. Moyer*, 181 Pa. Superior Ct. 400, 124 A. 2d 632. It has also been held in actions grounded on desertion that the defendant may assert, by way of justification, prior conduct on the part of the plaintiff which would constitute grounds for a divorce had an action been brought by the defendant. See *Boyles v. Boyles*, 179 Pa. Superior Ct. 184, 116 A. 2d 248. A case involving prior adultery as a defense to a charge of desertion is *Litch v. Litch*, 89 Pa. Superior Ct. 15. There the plaintiff-husband instituted suit for divorce on the ground of desertion. At the hearing the wife testified that the immediate cause for her withdrawal from the home was her husband's confession that he had been guilty of adultery. This Court held that the wife was justified in leaving, and a divorce was refused.

It is well settled that subsequent adultery by the plaintiff, after a cause of action for divorce on another ground has accrued against the defendant, cannot be asserted as a defense. In *Ristine v. Ristine*, 4 Rawle 460, the Supreme Court held that recrimination was

---

[1] Act of 1929, P. L. 1237, 23 P.S. 10.

expressly established as a statutory bar to a divorce founded on adultery, but that subsequent adultery was not a defense to a charge of desertion. See also *Mendenhall v. Mendenhall*, 12 Pa. Superior Ct. 290; *Hanson v. Hanson*, 177 Pa. Superior Ct. 384, 110 A. 2d 750. The same conclusion has been reached where the divorce was grounded on indignities to the person, and cruel and barbarous treatment. See *Bock v. Bock*, 162 Pa. Superior Ct. 506, 58 A. 2d 372; *Fay v. Fay*, 27 Pa. Superior Ct. 328. In *Clark v. Clark*, 160 Pa. Superior Ct. 562, 52 A. 2d 351, the husband sought a divorce on the ground of indignities. In defense, the wife presented testimony tending to show that, subsequent to the acts of indignities, there had been intimacies between the husband and another woman. It was held that the alleged adultery was not a defense. We noted that the purported intimacies "were not connected in any way with the allegations in the libel . . . and did not provoke the indignities of which he complains". See also *Orsuto v. Orsuto*, 171 Pa. Superior Ct. 532, 91 A. 2d 284. The language of President Judge RHODES in *Anthony v. Anthony*, 160 Pa. Superior Ct. 18, 49 A. 2d 877, is particularly appropriate here (italics supplied) : "In order to determine whether a particular libellant is an 'innocent and injured spouse', the court must not only examine and weigh the evidence relating to the many complex factual situations which make up the total picture of marital conduct, but it must evaluate this evidence with relation to the *defenses available to the respondent in connection with the particular grounds for divorce* relied upon by the libellant".

Appellant particularly emphasizes the opinions of this Court in *Newman v. Newman*, supra, 170 Pa. Superior Ct. 238, 85 A. 2d 613, and *Rech v. Rech*, 176 Pa. Superior Ct. 401, 107 A. 2d 601. In the *Newman* case,

the plaintiff filed a complaint charging adultery by the defendant. An answer was filed denying the adultery, and setting up recrimination. The lower court found that, while the defendant had been guilty of adultery, the plaintiff was "chargeable with misconduct approaching indignities", and was not the innocent and injured spouse. On this basis the divorce was refused. On appeal, we reversed with direction to enter a decree in favor of the plaintiff. The *Rech* case also involved a complaint charging adultery, with a countersuit alleging adultery on the part of the plaintiff. We held that the defense of recrimination was not proved, and directed that the divorce be granted. Our decisions in the *Newman* and *Rech* cases merely recognized the established principle that conduct on the part of a plaintiff falling short of grounds for divorce may be asserted as a defense by one charged with indignities to the person, but that such rule is not applied in adultery cases. Any statement or inference that conduct actually amounting to other grounds for divorce may be a defense in an action based on adultery was unintended and must be considered as purely gratuitous.

Section 52 of The Divorce Law (23 P.S. 52) provides as follows: "In any action or suit for divorce for the cause of adultery, if the respondent shall allege and prove, or it shall appear in the evidence, that the libellant has been guilty of the like crime, or has admitted the respondent into conjugal society or embraces after he or she knew of the criminal fact, or that the said libellant (if the husband) allowed the wife's prostitution, or received hire from it, or exposed his wife to lewd company whereby she became insnared to the crime aforesaid, it shall be a good defense and a perpetual bar against the same". Under this section, condonation is recognized a defense: *Bowden v. Bow-*

*den,* 161 Pa. Superior Ct. 150, 53 A. 2d 892. The defense of recrimination may also be asserted: *Yost v. Yost,* 54 Pa. Superior Ct. 365. Similarly, a husband who connives at and encourages his wife's adultery is not an innocent and injured spouse: *Illg v. Illg,* 78 Pa. Superior Ct. 212; *Wisnewski v. Wisnewski,* 126 Pa. Superior Ct. 540, 191 A. 182. Our review of the cases leads us to the conclusion that the only defenses available against a charge of adultery in a divorce case are those expressly enumerated in Section 52. It should perhaps be noted, although our disposition of the case at bar does not rest thereon, that a review of the evidence adduced by appellant fully warrants the conclusion of the master, adopted by the court below, that a case of indignities on the part of the wife was not established. See *Albrecht v. Albrecht,* 176 Pa. Superior Ct. 626, 109 A. 2d 209; *Soper v. Soper,* 178 Pa. Superior Ct. 182, 112 A. 2d 420; *Moyer v. Moyer,* supra, 181 Pa. Superior Ct. 400, 124 A. 2d 632.

Appellant's second contention is that his exceptions to the master's report should have been heard "by the full court". He relies principally on *McCormick's Contested Election,* 281 Pa. 281, 126 A. 586, and *Kicinko v. Petruska,* 259 Pa. 1, 102 A. 286. In the *McCormick* case it was stated that, "where a court is acting as a whole, or in banc, all the judges constituting the tribunal, or as many of them as may be available at the time, ought to sit together; so that the litigants, and the higher courts, when called upon to review,— may have the benefit of the judgment of each member, or of as many of them as may be available for service". In the *Kicinko* case it was held that, where a court consists of more than one judge, exceptions to an adjudication in equity must be heard by other members of the tribunal in addition to the chancellor. We do not interpret either of these decisions as establishing a

mandatory rule that, where a court consists of three judges, two of them may not sit together to constitute a court en banc. The proper practice is set forth in *Sterrett v. MacLean,* 293 Pa. 557, 143 A. 189, wherein it was stated that, in districts where there are more than two judges, at least two must sit as the court en banc, and, when it can be arranged without considerable inconvenience, three should sit. In *Frank v. Bayuk,* 322 Pa. 282, 185 A. 705, it was held that a court en banc is properly constituted if a majority of the available judges take part. Incidentally, the record does not disclose that this question was raised in the court below. See *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530.

In view of what has been said thus far, we deem it unnecessary to discuss appellant's third and fourth contentions. They relate to alleged errors on the part of the master in admitting rebuttal testimony, and in limiting cross-examination. Since we have concluded that prior indignities by the wife, even if proved, would not avail the appellant, purported errors in connection with that feature of the case become immaterial.

Decree affirmed.